UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

DOUGLAS MORALES,

    Plaintiff,

vs.

LUCILAS CAKE'S BIRD ROAD STORE LLC, a Florida
Limited Liability Company, LUCILA'S DELI & CAFÉ
SOUTH BEACH LLC A/K/A LUCILA'S CAKE
WH LLC, a Florida Limited Liability Company, CARLOS G.
PEREZ, SR., individually and CARLOS PEREZ JR., individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DOUGLAS MORALES, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants, LUCILAS CAKE'S BIRD ROAD STORE, LLC a Florida Limited Liability Company (hereinafter, "LUCILAS CAKE'S BIRD ROAD"), LUCILA'S DELI & CAFÉ SOUTH BEACH LLC, AKA LUCILA'S CAKE WH LLC, a Florida Limited Liability Company (hereinafter, " LUCILA'S CAKE WH"), CARLOS G. PEREZ SR., individually, and CARLOS PEREZ JR., individually (hereinafter collectively as "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the Florida Minimum Wage Act, (hereinafter "FMWA"), and for issuance of worthless check under Florida Statute § 68.065.

1

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris. During all times relevant to this Complaint, Plaintiff was employed by some or all Defendants as a baker. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant LUCILAS CAKE'S BIRD ROAD is a Florida limited liability company organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. LUCILAS CAKE'S BIRD ROAD has its principal place of business in Miami, Florida. Defendant LUCILAS CAKE'S BIRD ROAD has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant LUCILAS CAKE'S BIRD ROAD is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, LUCILAS CAKE'S BIRD ROAD operates a bakery and cake-design shop offering custom all-occasion cakes, cupcakes known as "LUCILA" located at 7455 SW 40th street, Miami FL 33155 where they use goods transported across interstate lines.

9. At all times material to this Complaint, LUCILAS CAKE'S BIRD ROAD, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant LUCILA'S CAKE WH is a Florida limited liability company organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant LUCILA'S CAKE WH had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

11. Defendant LUCILA'S CAKE WH is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Specifically, LUCILA'S CAKE WH operates the warehouse where the products sold at LUCILAS CAKE'S BIRD ROAD store are prepared using goods transported across interstate lines.

13. At all times material to this Complaint, LUCILA'S CAKE WH, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

14. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce.

15. At all material times hereto, Defendants were joint "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d) in that LUCILAS CAKE'S BIRD ROAD and LUCILA'S CAKE WH were both doing business as Lucila's and both restaurants provided the same services, under the same management at different locations.

16. Defendants LUCILAS CAKE'S BIRD ROAD and LUCILA'S CAKE WH upon knowledge and belief, separately and/or in combination have had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

17. Defendant CARLOS G. PEREZ SR., was at all relevant times a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendants, LUCILAS CAKE'S BIRD ROAD and LUCILA'S CAKE WH.

18. Defendant CARLOS G. PEREZ Sr. acted directly in the interest of his companies, LUCILAS CAKE'S BIRD ROAD and LUCILA'S CAKE WH. Upon all available information, CARLOS G. PEREZ Sr. controlled the manner in which Plaintiff performed his work and the pay he was to receive.

19. Defendant CARLOS G. PEREZ Jr., was at all relevant times a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendants, LUCILAS CAKE'S BIRD ROAD and LUCILA'S CAKE WH.

20. Defendant CARLOS G. PEREZ JR. acted directly in the interest of his companies, LUCILAS CAKE'S BIRD ROAD and LUCILA'S CAKE WH. Upon all available information, CARLOS G. PEREZ JR. controlled the manner in which Plaintiff performed his work and the pay he was to receive.

21. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

22. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS**

23. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter.

24. Plaintiff began working for Defendants on April 20, 2021 as a baker. Plaintiff worked at LUCILA'S CAKE WH's warehouse where the products were prepared for LUCILAS CAKE'S BIRD ROAD store.

25. At that time, and throughout his employment, Plaintiff had an oral agreement with Defendants that he was to be paid at $16.50 per hour.

26. . The Defendants established a two week pay period, such that the employees were supposed to get paid every two weeks for the period immediately preceding. However, the wages due on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late, or no payment was issued.

27. Defendants' failure to pay in accordance with the scheduled pay dates resulted in Defendants' failure to pay the required minimum hourly wage for some of the hours worked by Plaintiff.

28. Specifically, Plaintiff was not compensated at all for the work he performed from May 30, 2021 through June 23, 2021.

29. On or about June 23, 2021, Plaintiff was issued a check BY CARLOS G. PEREZ SR. from LUCILA'S CAKE WH's bank account to compensate him for the last 2 weeks of work. However, the check was dishonored for insufficient funds.

30. As a result, Defendants failed to compensate Plaintiff at a rate higher or equal to Florida and federal minimum wage for some of the work performed by Plaintiff during the relevant period.

31. Plaintiff estimates that he is owed at least $2,116.12 in unpaid wages.

32. The Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

33. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

34. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

35. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

36. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I**
**VIOLATION OF FLSA/MINIMUM WAGES**
**against LUCILAS CAKE'S BIRD ROAD**

37. Plaintiff, re-alleges and reaffirms paragraphs 1 through 36 as if fully set forth herein.

38. This action is brought by Plaintiff to recover from Defendant LUCILAS CAKE'S BIRD ROAD unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, "No employer

shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

39. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

40. LUCILAS CAKE'S BIRD ROAD has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

41. LUCILAS CAKE'S BIRD ROAD knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

42. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of his wages and the failure to pay even a minimum hourly wage when due.

43. By reason of the said intentional, willful, and unlawful acts of LUCILAS CAKE'S BIRD ROAD, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

44. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

45. LUCILAS CAKE'S BIRD ROAD never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

46. As a result of LUCILAS CAKE'S BIRD ROAD's willful violations of the Act, Plaintiff is entitled to liquidated damages.

47. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from LUCILAS CAKE'S BIRD ROAD.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant LUCILAS CAKE'S BIRD ROAD:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FMWA
### against LUCILAS CAKE'S BIRD ROAD

48. Plaintiff re-alleges and reaffirms paragraphs 1 through 36 as fully set forth herein.

49. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

50. Defendant LUCILAS CAKE'S BIRD ROAD failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with the Defendant LUCILAS CAKE'S BIRD ROAD as alleged above.

51. Plaintiff sent a written demand for these payments dated July 21, 2021. Defendant LUCILAS CAKE'S BIRD ROAD has failed to make any payments in accord with that demand.

52. As a direct result of LUCILAS CAKE'S BIRD ROAD's failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of LUCILAS CAKE'S BIRD ROAD.

53. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows:

A. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

B. Liquidated damages;

C. Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

D. Such other and further relief as the court deems proper.

**COUNT III**
**VIOLATION OF FLSA/MINIMUM WAGES**
**against LUCILA'S CAKE WH**

54. Plaintiff, re-alleges and reaffirms paragraphs 1 through 36 as if fully set forth herein.

55. This action is brought by Plaintiff to recover from Defendant LUCILA'S CAKE WH unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq*.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ

any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

56. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

57. LUCILA'S CAKE WH has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

58. LUCILA'S CAKE WH knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

59. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of his wages and the failure to pay even a minimum hourly wage when due.

60. By reason of the said intentional, willful, and unlawful acts of LUCILA'S CAKE WH, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

61. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

62. LUCILA'S CAKE WH never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

63. As a result of LUCILA'S CAKE WH's willful violations of the Act, Plaintiff is entitled to liquidated damages.

64. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from LUCILA'S CAKE WH.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant LUCILA'S CAKE WH:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
### VIOLATION OF FMWA
### against LUCILA'S CAKE WH

65. Plaintiff re-alleges and reaffirms paragraphs 1 through 36 as fully set forth herein.

66. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

67. Defendant LUCILA'S CAKE WH failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with the Defendant LUCILA'S CAKE WH as alleged above.

68. Plaintiff sent a written demand for these payments dated July 21, 2021. Defendant LUCILA'S CAKE WH has failed to make any payments in accord with that demand.

69. As a direct result of LUCILA'S CAKE WH's failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of LUCILA'S CAKE WH.

70. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows:

A. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

B. Liquidated damages;

C. Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

D. Such other and further relief as the court deems proper.

### COUNT V
### VIOLATION OF SECTION 68.065, FLORIDA STATUTES
### against LUCILA'S CAKE WH

71. Plaintiff, re-alleges and reaffirms paragraphs 1 through 36 as if fully set forth herein.

72. On or about June 23, 2021, the Defendant CARLOS G. PEREZ SR. issued and delivered check No. 0244 to Plaintiff drawn from LUCILA'S CAKE WH's account at First Bank. The sum on the check was One Thousand and Seventy-Five 69/100 ($1,075.69) ("worthless check No. 0244").

73. Plaintiff attempted to cash worthless check No. 0244, which was subsequently dishonored by First Bank.

74. On or about July 21, 2021, Plaintiff through his counsel, submitted a written notice of worthless check and demand for payment via certified mail as required by Section 68.065 Florida Statutes to the Defendant LUCILA'S CAKE WH.

75. As provided for in Section 68.065, Florida Statutes, the letter demanded payment from the Defendant within thirty (30) days of the date of the letter for the full amount of the check plus (5%) service charge.

76. In accordance with Section, 68.065, Florida Statutes, Plaintiff (1) provided written notice to the Defendant LUCILA'S CAKE WH in a substantially similar form as that provided for in the statute and (2) pursuant to the Delivery requirements.

77. To date, more than thirty (30) days have lapsed from the date of the receipt of the letter and the Defendant LUCILA'S CAKE WH has failed to pay Plaintiff the amount owed for the Dishonored Check.

78. The Defendant LUCILA'S CAKE WH is in violation of Section 68.065, Florida Statutes for failing to make payment to Plaintiff in the amount owed for the dishonored check.

79. As a consequence of the LUCILA'S CAKE WH's issuance of the worthless check, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant LUCILA'S CAKE WH:

    A. Award Plaintiff actual damages in the amount on the worthless check; and

    B. Award Plaintiff an equal amount in treble damages/liquidated damages; and

  C. Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

  D. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI**
**VIOLATION OF FLSA/MINIMUM WAGES**
**against CARLOS G. PEREZ SR.**

80. Plaintiff, re-alleges and reaffirms paragraphs 1 through 36 as if fully set forth herein.

81. At all the times mentioned, Defendant CARLOS G. PEREZ SR. was, and is now, a corporate officer of corporate Defendants, LUCILAS CAKE'S BIRD ROAD and LUCILA'S CAKE WH.

82. CARLOS G. PEREZ SR. was an employer of Plaintiff within the meaning of section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CARLOS G. PEREZ SR. acted directly in the interests of Defendants LUCILAS CAKE'S BIRD ROAD and LUCILA'S CAKE WH in relation to their employees including Plaintiff.

83. Specifically, CARLOS G. PEREZ SR supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

84. CARLOS G. PEREZ SR had operational control of the business and is thus jointly liable for Plaintiff's damages.

85. Defendant CARLOS G. PEREZ SR willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant CARLOS G. PEREZ SR:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VII**
**VIOLATION OF FLSA/MINIMUM WAGES**
**against CARLOS G. PEREZ JR.**

86. Plaintiff, re-alleges and reaffirms paragraphs 1 through 36 as if fully set forth herein.

87. At all the times mentioned, Defendant CARLOS PEREZ JR. was, and is now, a corporate officer of corporate Defendants, LUCILAS CAKE'S BIRD ROAD and LUCILA'S CAKE WH.

88. CARLOS PEREZ JR. was an employer of Plaintiff within the meaning of section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CARLOS PEREZ JR. acted directly in the interests of Defendants LUCILAS CAKE'S BIRD ROAD and LUCILA'S CAKE WH in relation to their employees including Plaintiff.

89. Specifically, CARLOS PEREZ JR. supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

90. CARLOS PEREZ JR. had operational control of the business and is thus jointly liable for Plaintiff's damages.

91. Defendant CARLOS PEREZ JR willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant CARLOS PEREZ JR.:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights; and

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**SPACE INTENTIONALLY LEFT BLANK**

## DEMAND FOR JURY TRIAL

Plaintiff, Douglas Morales demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 5, 2021

                        **PEREGONZA THE ATTORNEYS, PLLC**
                        1414 NW 107th Ave,
                        Suite 302
                        Doral, FL 33172
                        Tel. (786) 650-0202
                        Fax. (786) 650-0200

                        By: /s/Nathaly Saavedra
                        Nathaly Saavedra, Esq.
                        Fla. Bar No. 118315
                        Email: nathaly@peregonza.com