## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 21-23513-SCOLA/GOODMAN

DOUGLAS MORALES,

      Plaintiff,

v.

LUCILAS CAKE'S BIRD ROAD
STORE LLC, et al.,

      Defendants.

_____/

### REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION
### TO RE-OPEN CASE AND ENFORCE SETTLEMENT AGREEMENT

On March 3, 2022, the Court approved the parties' Fair Labor Standards Act ("FLSA") settlement agreement (finding it "fair and reasonable"), dismissed the action with prejudice, and reserved jurisdiction to enforce the agreement. [ECF No. 21].

Less than one month later, on March 29, 2022, Plaintiff Douglas Morales ("Morales" or "Plaintiff") filed a motion seeking to re-open the case and enforce the settlement agreement. [ECF No. 22]. United States District Judge Robert N. Scola, Jr. referred Plaintiff's motion to the Undersigned "for either an order or a report and recommendations, consistent with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of the Local Magistrate Judge Rules." [ECF No. 23].

For the reasons set forth below, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion, **enter a default judgment** against Defendants in the amount of **$11,700.00**, and provide Plaintiff with an opportunity to file a fees and costs motion concerning the instant enforcement proceedings.

I.      BACKGROUND

On October 5, 2021, Morales filed a complaint alleging wage violations under the FLSA, violations of the Florida Minimum Wage Act, and a claim for a violation of section 68.065 of the Florida Statutes (for the issuance of an allegedly worthless check). [ECF No. 1].

On February 1, 2022, Plaintiff filed a notice of settlement advising the Court that "the parties ha[d] reached a settlement of all claims in this case." [ECF No. 18]. On the same day, the Court administratively closed the case and directed Plaintiff to submit, *inter alia*, a copy of the settlement agreement for the Court's review and approval as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). [ECF No. 19].

On March 1, 2022, Morales filed a motion seeking the Court's approval of the FLSA settlement and attaching a copy of the signed settlement agreement. [ECF No. 20]. As noted above, on March 3, 2022, Judge Scola approved as fair and reasonable the parties'

settlement agreement. [ECF No. 21]. Judge Scola's order closed the case and retained jurisdiction to enforce the settlement agreement. *Id.*

Pursuant to the settlement terms, Defendants were required to pay Plaintiff a total sum of $11,700.00 in two equal installments. [ECF No. 20-1]. The first installment was due "[n]o later than twenty (20) days after the Court . . . entered its Order approving the Settlement Agreement and Dismissing the Action", or March 24, 2022.[1] *Id.* at 1. The second installment was due thirty days after the first installment payment.

Defendants failed to make the first payment and, on March 29, 2022, Morales filed the instant motion. [ECF No. 22]. Morales asks the Court to

> require . . . Defendants to show cause for their failure to comply with the terms of the agreement, award Plaintiff's fees and costs incurred as a result of Defendants' default and compel Defendants to issue payment and for any other relief deemed just and proper under the circumstances or in the alternative asks the Court to enter a judgment against Defendants in the amount of $11,700.00 plus additional fees and costs incurred as a result of their default and for any other relief deemed just and proper under the circumstances.

*Id.* at 3.

---

[1]     The Court's March 3, 2022 Order approving the settlement agreement and dismissing the case with prejudice was docketed or "entered" on CM/ECF the following day on March 4, 2022. Therefore, the first installment payment was due 20 days thereafter, on March 24, 2022. *See Nat'l Sav. Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 222 n.9 (S.D. Fla. 1989) ("[A]n order is 'entered' not when it is signed by the judge, nor when it is 'filed' (i.e., file stamped), but rather when it is actually recorded on the docket sheet."); *In re Pac. Forest Prod. Corp.*, 335 B.R. 910, 916 (S.D. Fla. 2005) (stating that "an order is entered when it appears on the clerk's docket").

3

On March 31, 2022, the Undersigned issued an Order requiring Defendants to file a response to the instant motion by April 21, 2022. [ECF No. 24]. Because Defendants Lucilas Cake's Bird Road Store LLC and Lucila's Deli & Cafe South Beach LLC (collectively, "Corporate Defendants") are limited liability companies and are not represented by counsel, the Undersigned required Corporate Defendants to obtain counsel and for said counsel to file a notice of appearance by no later than April 14, 2022. *Id.* The Undersigned explained that "[c]orporate entities are prohibited from proceeding *pro se* and must be represented by counsel" and warned Defendants that "[f]ailure to timely retain counsel will likely result in a default against Corporate Defendants." *Id.* at 2 (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).

The Undersigned required Plaintiff to mail and email a copy of the Order to Defendants and to file a notice of compliance on CM/ECF. *Id.* Morales filed his notice of compliance the same day. [ECF No. 25].

To date, Defendants have not responded to Plaintiff's motion and no attorney has filed a notice of appearance on behalf of the Corporate Defendants (or any defendant).

## II.   APPLICABLE LEGAL STANDARD

"A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987). Under Florida law, "settlements

are highly favored and will be enforced whenever possible." *Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1318 (11th Cir. 2014) (quoting *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)). And as with any contract, the Court must enforce the plain meaning of the settlement agreement's unambiguous provisions. *F.W.F., Inc. v. Detroit Diesel Corp.*, 308 F. App'x 389, 393 (11th Cir. 2009).

### III.   ANALYSIS

#### a.  Enforcement of the Settlement Agreement

Local Rule 7.1(c)(1) states that, except for certain inapplicable exceptions, "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. *Failure to do so may be deemed sufficient cause for granting the motion by default*." S.D. Fla. L.R. 7.1(c)(1) (emphasis added).

Additionally, on March 31, 2022, the Undersigned issued an Order requiring Defendants to file a response to the instant Motion by no later than April 21, 2022. [ECF No. 24]. At the Undersigned's direction, Plaintiff mailed an emailed a copy of the Court's Order [ECF No. 24] and filed a notice of compliance. [ECF No. 25].

To date, Defendants have not filed a response and the time for doing so has passed. Given Defendants' complete lack of a response, the Undersigned *could* simply recommend that Judge Scola grant the instant Motion by default. *See Aldar Tobacco Grp., LLC v. Am. Cigarette Co., Inc.*, No. 08-62018-CIV, 2016 WL 9582830, at *2 (S.D. Fla. May 18,

2016) (recommending that motion to enforce settlement agreement be granted by default per Local Rule 7.1(c)), report and recommendation adopted, No. 08-62018-CIV, 2016 WL 9582831 (S.D. Fla. June 8, 2016); *Combe v. Flocar Inv. Grp. Corp.*, No. 13-CV-22727, 2014 WL 12843575, at *1 (S.D. Fla. Oct. 16, 2014) (same), report and recommendation adopted, No. 1:13-CV-22727-UU, 2014 WL 12843553 (S.D. Fla. Nov. 4, 2014).

Although the Court is authorized to grant the instant Motion by default, the Undersigned deems it more prudent to also evaluate the motion on the merits and use the failure to submit an opposition response as an "independent" ground for recommending that Plaintiff's Motion be granted. *See, e.g., Commodity Forwarders, Inc. v. Burbano Corp.*, No. 20-CV-62536, 2021 WL 1701334, at *2 n.3 (S.D. Fla. Mar. 30, 2021) (addressing merits of a motion to enforce a settlement agreement but also noting that good cause existed pursuant to Local Rule 7.1(c)(1) for granting the motion by default), report and recommendation adopted, No. 20-CV-62536-RAR, 2021 WL 1699876 (S.D. Fla. Apr. 29, 2021); *Dunkin' Donuts Franchised Restaurants LLC v. Coffee And . . . , Inc.*, No. 10-23402-CIV, 2011 WL 1542992, at *1 (S.D. Fla. Mar. 30, 2011) (same), report and recommendation adopted, No. 10-23402-CIV, 2011 WL 1542987 (S.D. Fla. Apr. 20, 2011). Therefore, as outlined below, the Undersigned recommends that Judge Scola **grant** Plaintiff's enforcement motion on the merits and for the additional, separate justification generated by the default procedure authorized by Local Rule 7.1(c)(1).

The parties entered into a settlement agreement which required Defendants to make payments to Plaintiff totaling $11,700.00. The settlement agreement was approved by the Court and the Court retained jurisdiction to enforce it.

Plaintiff represents to the Court that Defendants have not made any payments in accordance with the settlement agreement. Defendants have not responded to Plaintiff's motion or otherwise disputed Plaintiff's representation that no payment has been made.

Based on Plaintiff's uncontested representation, Defendants have breached the settlement agreement by failing to make the first installment payment and the settlement agreement should be enforced. The Undersigned, therefore, **respectfully recommends** that the Court **enter a final judgment** in favor of Plaintiff and against Defendants in the amount of **$11,700.00**.

### b.  Plaintiff's Request for an Award of Fees and Costs

Morales also seeks "fees and costs incurred as a result of Defendants' default." [ECF No. 22, p. 3]. The settlement agreement provides for attorney's fees, expenses, and costs to the prevailing party in the event of a breach. [ECF No. 20-1, ¶ 10 ("The Parties agree that if a breach of the promises in this Agreement is proven by one of the Parties, the breaching Party agrees to pay the reasonable attorney's fees and expenses and costs incurred by the non-breaching Party as a result of such breach.")]. Because Defendants breached the settlement agreement by failing to make payments, Morales is entitled to an

award of reasonable attorney's fees and costs. However, Morales does not set forth the amount of attorney's fees and costs incurred or put forth evidence concerning the reasonableness of any fee/cost award. Therefore, the Undersigned **respectfully recommends** that the Court find Plaintiff is *entitled* to an award of reasonable attorney's fees and costs and allow Plaintiff to file a separate motion, supported by the appropriate documentation, if he wishes to pursue this relief.

In sum, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion, **enter a default judgment** against Defendants in the amount of **$11,700.00**, and provide Plaintiff with an opportunity to file a motion for reasonable attorney's fees and costs associated with the instant enforcement proceedings.

## IV.     OBJECTIONS

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.

*See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885

F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

     **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on April 26,

2022.

                                         Jonathan Goodman
                                         UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Robert N. Scola, Jr.
All counsel of record

Carlos Perez, Sr.
7455 SW 40 St
Miami, FL 33155

Carlos Perez, Jr.
7455 SW 40 St
Miami, FL 33155

Lucilas Cake's Bird Road Store LLC
78 SW 7th Street # 500
Registered Agent Calvin Azadi
Miami, FL 33130

Lucila's Deli & Cafe South Beach LLC
848 Brickell Ave Ste 830
Registered Agent Calvin Azadi
Miami, FL 33131